UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-20021-Civ-WILLIAMS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ARTURO TAQUECHEL

    Defendant.
_____/

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

This **MATTER** is before the Court on Plaintiff's Motion for Summary Judgment [D.E. 13]. Plaintiff filed this action on January 4, 2013 and subsequently received two extensions of time to effectuate service of process.[1] Defendant, an attorney, executed a waiver of service and ultimately filed his Answer on September 27, 2013. [D.E. 12]. In its Complaint, the United States asserts that Defendant has failed to pay approximately $71,003.90 in student loan debt. [D.E. 1 ¶¶ 3-4]. Defendant contends that he does not know the amount owed and denies that he has failed to pay. [D.E. 12 ¶¶ 3-4].

Plaintiff moves for summary judgment on the alleged amount owed in student loan debt. [D.E. 13]. Defendant has failed to respond to the motion. Summary

---

[1] The Court entered a Notice of Court Practice in Student Loan Cases on January 29, 2013. [D.E. 4]. Plaintiff has failed to comply with the Court's notice in several respects, including failure to file a notice of answer deadline.

1

judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party, and must resolve all reasonable doubts about the facts in favor of the non-movant." *Rioux v. City of Atlanta*, 520 F.3d 1269, 1274 (11th Cir. 2008) (quotation marks and citations omitted). In cases where the United States seeks to recover on unpaid student loan debt, Plaintiff must establish that (1) Defendant signed the original promissory note, (2) the government is the present owner or holder of the note and (3) the note is in default. *See, e.g., United States v. Carter*, 506 Fed. Appx. 853, 858 (11th Cir. 2013); *United States v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009) ("To recover on a promissory note the government must first make a prima facie showing that (1) the defendant signed it, (2) the government is the present owner or holder and (3) the note is in default. For that purpose the government may introduce **evidence of the note** and a sworn transcript of the account or certificate of indebtedness.") (internal citations omitted, emphasis added); *United States v. Pelt*, No. 11-cv-06156, 2013 WL 1173898, at *6 (E.D.N.Y. Mar. 18, 2013) ("In general, the United States may demonstrate the existence of student loans by providing promissory notes and may demonstrate that the loans remain unpaid by providing certificates of indebtedness."); *United States v. Herzberg*, No. 11-cv-150, 2012 WL 523651, at *1 (E.D. Tenn. Jan. 25, 2012); *United States v. Whitaker*, No. 09-CV-2983, 2011 WL 5856482, at *2 (E.D.N.Y. Nov. 21, 2011).

Plaintiff has met the second and third requirements by submitting a Certificate of Indebtedness indicating that the United States holds a student loan in Defendant's

name and that the loan is in default. [D.E. 13 at 5]. In support of the first requirement, Plaintiff has submitted a promissory note signed by Defendant. [D.E. 13 at 7-8]. However, the critical terms of the promissory note are completely illegible and the Court cannot ascertain the amount of principal or the interest rate. Consequently, while Plaintiff has established that Defendant signed a note, Plaintiff has failed to establish that Defendant signed the note in question.[2] Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1) Plaintiff's Motion for Summary Judgment [D.E. 13] is **DENIED**.

(2) By no later than 5:00 p.m. on Wednesday, January 29, 2014, Plaintiff shall file a legible copy of the promissory note in question. Failure to comply with the Court's Order shall result in dismissal of this case.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 20 day of January, 2014.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[2] The record in this case is insufficient even to meet the less exacting standard for a default judgment.